UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAN AMERICAN LIFE INSURANCE COMPANY                CIVIL ACTION

VERSUS                                             NO. 13-5027

LOUISIANA ACQUISITIONS CORP., ET AL.               SECTION "A" (3)

ORDER

Before the Court are two motions: the Motion for Sanctions [Doc. #245] filed by defendants, and the Motion to Compel Deposition of Richard L. Solomons [Doc. #246] filed by plaintiff Pan American Life Insurance Company ("PALIC").  After the oral hearing, the Court ordered PALIC to turn over all withheld documents for an *in camera* review for privilege.  The Court has spent months reviewing the four large binders of documents.  Having reviewed the pleadings, the documents, and the case law, the Court rules as follows.

With regard to the Motion for Sanctions [Doc. #245], the Court finds that PALIC has inappropriately withheld documents on the ground that they are protected by the attorney-client privilege.  This Court has – on numerous occasions before this – ordered PALIC to produce all documents related to PANACON, the partnership in which both PALIC and defendants were members.  [*See, e.g.,* Doc. Nos. 97, 167, & 238].  It is axiomatic that defendants have a right to all partnership documents of a partnership in which they were members. *Abbott v. The Equity* Group, Civ. A. No. 86-4186, 1988 WL 86826 (E.D. La. Aug. 10, 1988).  This includes, BUT IS NOT LIMITED TO, all documents that relate to the sale of the hotel, the management of the hotel, the Management Agreement, and the Partnership Agreement, *i.e.*, any documents that "reflect" or "concern" partnership matters.  And as this Court has also stated, this review includes all documents from, to, and by Wade Webster.  This Court will not expend further judicial resources

to enumerate the Bates-numbered documents that PALIC need produce; that is its responsibility under the federal rules.

The Court declines to award sanctions at this time. However, any further reticence from PALIC in the production of these documents shall warrant monetary sanctions to defendants.

As to the Motion to Compel Deposition of Richard L. Solomons [Doc. #246], the motion is denied. A party can not compel the deposition of a high-level corporate official who lacks personal or unique knowledge of the facts related to the litigation at bar. *Computer Accel. Corp. v. Microsoft Corp.,* No. 06-140, 2007 WL 7684605, at *1 (E.D. Tex. 6/15/07) (citing *Baine v. Gen. Motors Corp.*, 141 F.R.D. 332, 334 (M.D. Ala. 1991)). The documents that this Court has reviewed reveal that PALIC has not met this burden.

Moreover, AND AS THIS COURT HAS ALREADY HELD, PALIC has served no subpoena on Solomons nor attempted to comply with the Hague Convention. While PALIC contends that it need not serve a subpoena on Solomons because he was an officer, director, or managing agent of a party (*i.e.*, CFO and Head of Commercial Development of IHG) at the time of the sale, that argument misses the mark. It is axiomatic that foreign nationals living abroad are not subject to subpoena service outside of the United States and can not be compelled to give testimony under Rule 45. *Aristocrat Leisure Ltd. v. Deustche Bank Trust Co. Americas*, 262 F.R.D. 293, 305 (S.D.N.Y. 2009). Accordingly,

**IT IS ORDERED** that the Motion for Sanctions [Doc. #245] is GRANTED IN PART to the extent outlined above. PALIC shall comply with this Order **no later than fifteen (15) days from the date of its entry.**

**IT IS FURTHER ORDERED** that the Motion to Compel Deposition of Richard L. Solomons [Doc. #246] is DENIED.

New Orleans, Louisiana, this 9th day of December, 2016.

*Daniel E. Knowles, III*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**