UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAN AMERICAN LIFE INSURANCE | CIVIL ACTION |
| VERSUS | NO: 13-5027 |
| LOUISIANA ACQUISITIONS CORP., ET AL. | SECTION: "A" (3) |

### ORDER

Before the Court is an **Appeal of Magistrate's Order (Rec. Doc. 316)** filed by plaintiff Pan American Life Insurance Co. ("PALIC").

PALIC challenges the magistrate judge's December 9, 2016 order pertaining to a motion for sanctions (Rec. Doc. 245) filed by Defendants about one year ago on February 16, 2016. (Rec. Doc. 315). In that ruling, which was the fourth ruling addressing claims of privilege by PALIC as to inter alia communications with the Fowler Rodriguez law firm during the time period when Fowler Rodriguez (FR) represented both PANACON and PALIC, the magistrate judge found that FR had inappropriately withheld documents by relying on the attorney client privilege. (Rec. Doc. 315 at 1). The magistrate judge reached this conclusion after spending nearly nine months reviewing the withheld documents in camera. (Rec. Doc. 271). The magistrate judge declined to sanction PALIC as of the time of the ruling but reiterated the parameters that govern the materials that are subject to production. (Rec. Doc. 315 at 1-2). The magistrate judge then instructed PALIC to comply with its obligations under the federal rules or face sanctions in the future. (*Id.* at 2).

The question before the Court is whether the ruling was clearly erroneous or

contrary to law. Fed. R. Civ. Pro. 72(a); 28 U.S.C. § 636(b)(1)(A). PALIC argues that it has been ordered to produce documents that are protected by the attorney client privilege. The Court disagrees. Implicit in the magistrate judge's ruling is the conclusion that any privilege was either destroyed or never came to fruition in light of FR's joint representation of both PANACON and PALIC, particularly in the timeframe when the relationship between the partners became adverse as the sale of the hotel approached. The magistrate judge did not reach his conclusions in a vacuum; he reached them after spending months reviewing the documents at issue.

PALIC also asserts that it had no choice but to file the instant appeal because the magistrate judge did not identify each specific page of the four large binders of documents submitted for in camera review that were not privileged, and therefore subject to production. PALIC complains that it may be subject to monetary sanctions at a later date if it continues to withhold as privileged any documents that the magistrate judge ultimately concludes should have been produced. The Court agrees with the magistrate judge's observation that further judicial resources need not be expended to allay PALIC's concerns in this vein.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Appeal of Magistrate's Order (Rec. Doc. 316)** filed by plaintiff Pan American Life Insurance Co. is **DENIED**.

February 22, 2017

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE